UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE McDOUGALD,
    Plaintiff,

vs.

LIEUTENANT ESHAM, et al.,
    Defendants.

Case No. 1:16-cv-497
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by several prison employees. This matter is before the Court on plaintiff's motion to redraw claims (Doc. 11) and motions for leave to file an amended complaint (Docs. 12, 19), defendants' response in opposition to plaintiff's motion for leave to file an amended complaint (Doc. 23), and plaintiff's reply (Doc. 24).

**I. Background**

Plaintiff filed a motion for leave to proceed *in forma pauperis* in this action on April 27, 2016. (Doc. 1). Plaintiff thereafter filed two motions for leave to amend the complaint. (Docs. 2, 3). On June 10, 2016, the Court conducted a *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and granted plaintiff leave to proceed *in forma pauperis*. (Doc. 4). The Court also granted plaintiff leave to file the amended complaints, which supplemented the original complaint. (Doc. 6). Plaintiff's original complaint named the following defendants: Lieutenant Esham, Lieutenant Jason Joseph, C.O. Queen, C.O. Distel, Sgt. Bailey, C.O. Grooms, Lieutenant Dyer, Lieutenant Smith, C.O. Mullens, C.O. Crabtree, and Mrs. Lightle. (Doc. 5). The complaint alleges that on several dates, plaintiff was exposed to

pepper spray which resulted in great pain and suffering, including trouble breathing, and other symptoms. (*Id.*). Plaintiff alleges that he requested medical treatment but defendants denied him the ability to decontaminate. (*Id.*). Plaintiff alleges these incidents occurred on February 5, 2016; February 23, 2016; March 7, 2016; March 28, 2016; and March 31, 2016. (*Id.*). In the first amended complaint, plaintiff brings claims for incidents that allegedly occurred on July 22, 2015 and August 21, 2015, during which corrections officers named as defendants purportedly sprayed him with pepper spray and refused to decontaminate him. (Doc. 7). Plaintiff alleges in the first amended complaint that defendants C.O. B. Crabtree and Lt. Smith were involved in those incidents, and he names C.O. Keating, C.O. Andre, C.O. Hale and C.O. Stone as additional defendants. In the second amended complaint, plaintiff adds Warden Ron Erdos as a defendant based on a theory of supervisory liability and his alleged role in the underlying incidents as a policy maker. (Doc. 8).

## II. Plaintiff's pending motions to redraw/amend the Complaint

After he was granted leave to file the first two amended complaints, plaintiff filed three additional motions to redraw or amend the complaint. (Docs. 11, 12, 19). On July 25, 2016, plaintiff filed a "motion to redraw" only the claims set forth in the first amended complaint. (Doc. 11). On July 29, 2016, plaintiff sought to add a claim against several new defendants - Lt. Setty, Lt. Little, a John Doe nurse, and C.O. Alley – arising out of incidents involving exposure to pepper spray which allegedly occurred on April 30, 2016 and June 21, 2016. (Doc. 12). On August 29, 2016, plaintiff requested leave to (1) file an amended complaint to clarify that defendant "Lt. Smith" is an African-American to distinguish this defendant from a Caucasian officer of the same rank and name at SOCF, and to request that the summons and complaint be served on "Lt. Smith 'African American'"; and (2) designate defendant C.O. Mullins as a John

Doe defendant until plaintiff learns C.O. Mullins' first name and can perfect service on him. (Doc. 19).

Defendants and the State of Ohio filed a memorandum in opposition to plaintiff's most recent motion for leave to amend on August 29, 2016.[1] (Doc. 23). They allege that plaintiff's motions should be denied because plaintiff has the responsibility to identify the individuals he wishes to sue; plaintiff is taking a scattered "shotgun" approach in this litigation by continuously altering his claims and the individuals he seeks to sue; and plaintiff's proposed amendments to the complaint would be futile because he has failed to state an Eighth Amendment claim based on deliberate indifference to his medical needs.

In reply, plaintiff alleges that an Eighth Amendment claim for the denial of medical care and excessive force can be based on pepper spray drifting into a jail cell. (Doc. 24). Plaintiff also addresses exhaustion of his administrative remedies in his reply.

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the 21-day period has expired, he must obtain the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint should be "freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -

---

[1] The memorandum notes that the Court ordered service on defendants Porter, Smith and Mullens, but service has not been perfected as to these individuals. (Doc. 23 at 1, n.2).

for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

Here, plaintiff has already twice been granted leave to amend the complaint. Thus, plaintiff must obtain leave of Court to file any additional amendments. Plaintiff's requests to file multiple additional amendments to the complaint should be denied. Read together, the original and two supplemental amended complaints assert Eighth Amendment claims against defendants Lieutenant Esham, Lieutenant Jason Joseph, C.O. Queen, C.O. Distel, Sgt. Bailey, C.O. Grooms, Lieutenant Dyer, Lieutenant Smith, C.O. Mullens, C.O. Crabtree, Mrs. Lightle, C.O. Keating, C.O. Andre, C.O. Hale, C.O. Stone and Warden Ron Erdos based on pepper spray incidents that occurred on July 22, 2015; August 21, 2015; February 5, 2016; February 23, 2016; March 7, 2016; March 28, 2016; and March 31, 2016. (Docs. 5, 7, 8). Plaintiff's motion for leave to amend the complaint filed on July 29, 2016 (Doc. 12) does not involve the incidents alleged in the original and supplemental complaints and does not show how the facts alleged in the proposed amendment bear any connection to the incidents set forth in the earlier pleadings. *See George*, 507 F.3d at 607; *Hetep*, 27 F. App'x at 309. Plaintiff's unrelated claims must be addressed in a separately filed new civil rights complaint and not in an amended complaint filed in this action. Accordingly, plaintiff's motion to amend his complaint to add claims against Lt. Setty, Lt. Little, a John Doe nurse, and C.O. Alley for their alleged involvement in pepper spray incidents on April 30, 2016 and June 21, 2016 (Doc. 12) should be denied.

Further, it is not clear how plaintiff's motion to "redraw" his claims against those defendants allegedly involved in pepper spray incidents on July 22, 2015 and August 21, 2015

4

(Doc. 11) clarifies plaintiff's claims as pled in the supplemental amended complaint concerning these incidents. (*See* Doc. 7). Thus, plaintiff's motion to "redraw" those claims should be denied.

Finally, amendment of the complaint to identify defendant Lieutenant Smith by his race rather than by his full name is not appropriate. Nor is amending the complaint to identify C.O. Mullens as a "John Doe" defendant a proper method by which to obtain an extension of time to learn C.O. Mullens' identity and perfect service on him. Plaintiff's request for leave to amend the complaint for these purposes (Doc. 19) should be denied. Plaintiff must identify Lieutenant Smith and C.O. Mullens by their full names in order to perfect service and proceed on his claims against these defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to redraw claims (Doc. 11) and motions for leave to amend the complaint (Docs. 12, 19) be **DENIED**.

Date: 10/4/16

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE McDOUGALD,
    Plaintiff,

vs.

LIEUTENANT ESHAM, et al.,
    Defendants.

Case No. 1:16-cv-497
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).