UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE McDOUGALD,
Plaintiff,

vs.

LIEUTENANT ESHAM, et al.,
Defendants.

Case No. 1:16-cv-497
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by several defendants. This matter is before the Court on the following motions: (1) plaintiff's motion to strike (Doc. 37), (2) plaintiff's motion to compel discovery filed on June 9, 2017 (Doc. 47), and (3) plaintiff's request to defer ruling on defendants' motion for summary judgment (Doc. 54).

Plaintiff moves to strike irrelevant statements defendants made in their response to a previous motion to compel filed by plaintiff on February 21, 2017. (Doc. 37). Plaintiff filed the motion with his reply in support of his motion to compel (Doc. 36) on March 8, 2017. As the Court denied plaintiff's previous motion to compel (Doc. 35), plaintiff's motion to strike (Doc. 37) is denied as moot.

Plaintiff filed another motion to compel discovery on June 9, 2017, before the extended discovery deadline of June 15, 2017 had expired. (Doc. 47). Plaintiff moves the Court for an order under Fed. R. Civ. P. 37(a) compelling defendants to produce documents for inspection and copying and to fully answer interrogatories. Plaintiff has included in his motion a certification that he conferred with defendants' counsel about the outstanding discovery requests

on February 4, 2017, but defendants have not complied with his discovery requests. Plaintiff has submitted a copy of the interrogatories he posed to defendants and his request for production of documents. (Docs. 48, 49). The requested discovery appears to involve the same interrogatories and documents that were the subject of plaintiff's previous motion to compel filed on February 21, 2017. (Doc. 29; *see* Docs. 30, 31). Defendants acknowledged in their response to the earlier motion to compel that "responses to discovery are required"; they informed the Court that documents requested by plaintiff that pertain to the alleged incident giving rise to the lawsuit were being gathered to the extent they exist and those documents would need to be redacted; and defendants represented they were working in good faith to respond to plaintiff's discovery requests. (Doc. 33). Defendants requested additional time to complete discovery. The Court denied the motion to compel on two grounds: (1) plaintiff did not certify that he had exhausted all extrajudicial means for resolving the discovery dispute before filing the motion to compel, and (2) defendants represented to the Court that they were in the process of gathering the requested information to the extent it was available. (Doc. 35). The Court extended the discovery deadline to June 15, 2017.

Defendants have not filed a response to plaintiff's most recent motion to compel, which he filed prior to expiration of the discovery deadline. (Doc. 47). It therefore is unclear whether there are any outstanding discovery issues or whether defendants have produced all discovery to which plaintiff is entitled. To rule on defendants' motion for summary judgment before any outstanding discovery issues are resolved would be premature.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants shall file a response to plaintiff's motion to compel (Doc. 47) within **fourteen (14) days** of the filing date of this Order.

2. Plaintiff's request to defer ruling on defendants' motion for summary judgment (Doc. 54) is **GRANTED** pending resolution of plaintiff's June 9, 2017 motion to compel.

3. Plaintiff's motion to strike (Doc. 37) is **DENIED** as moot.

Date: 11/13/17

Karen L. Litkovitz
United States Magistrate Judge