UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD,<br>Plaintiff, | Case No. 1:16-cv-497<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| LIEUTENANT ESHAM, et al.,<br>Defendants. | **ORDER** |

This matter is before the Court on defendants' motion to stay the answer dates for defendants Mullins and Porter pending the Court's ruling on the undersigned's Report and Recommendation. (Doc. 73).

As background, on February 21, 2018, the undersigned issued a Report recommending that defendants' motion for summary judgment be granted. (Doc. 70). Although service of process had not been perfected on all defendants, including defendants Smith,[1] Mullins,[2] and Porter, the undersigned recommended that summary judgment be granted in their favor. (*Id.* at 21 n. 8; 23 n. 10). The undersigned explained that awaiting service of process on these unserved defendants would be futile because no genuine dispute exists as to whether they violated plaintiff's Eighth Amendment rights. (*Id.*). On March 7, 2018, the District Judge granted plaintiff's motion for an extension of time to file objections to the Report and Recommendation within thirty days. (Doc. 72). Therefore, the Court's Order on the Report and Recommendation remains pending.

In their motion to stay, defendants explain that the undersigned counsel was notified that defendant Mullins was properly served on February 27, 2018. (Doc. 73 at 3). Counsel was also

---

[1] Defendants appear to no longer contest that Lieutenant Smith was not properly served. (*See* Doc. 73).
[2] According to defendants, the proper spelling of this defendant's name is Mullins, not Mullens, as previously reflected in the docket. (Doc. 73).

notified that service was refused as to defendant Porter because he no longer works at SOCF.[3] (*Id.*). Defendants request that "the Answer of Mullins be stayed and that any ostensible service on a Mr. Porter be revoked as insufficient" pending the ruling on the February 21, 2018 Report and Recommendation that defendants' motion for summary judgment be granted. (*Id.*).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In light of the pending Report and Recommendation and in the interest of judicial economy, the Court finds that defendants' motion is well-taken. Defendants' motion to stay the answer dates for defendants Mullins and Porter (Doc. 73) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date: 3/19/18

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Defendants explain that another official at SOCF with the last name Porter was initially served, but he reported that the complaint had nothing to do with him and service was refused. (Doc. 73 at 3).